UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JAMES IGANI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18-cv-155-PLR-SKL |
| | ) | |
| v. | ) | |
| | ) | |
| SUMMIT PHYSICAL THERAPY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER SETTING HEARING

This case has been referred to the undersigned because the parties have not complied with the Court's Order [Doc. 44] enforcing their Mediated Settlement Agreement ("Agreement").

It appears that a hearing is necessary to address the ongoing dispute over the Agreement, which the Court **has already held is enforceable** [Doc. 44]. The hearing will be held **at 4:00 p.m. Eastern on Wednesday, March 18, 2020** before Magistrate Judge Susan K. Lee in Chattanooga, Tennessee, at the United States Courthouse and Federal Building, 900 Georgia Avenue, 4th Floor Courtroom.[1] Plaintiff, who is proceeding pro se, is **ORDERED** to appear in person for the hearing.

The hearing will **not** revisit that the Agreement is enforceable. Instead, at the hearing, Plaintiff **SHALL** be prepared to **SHOW CAUSE** why he has not signed a "comprehensive,

---

[1] The Court does not typically hire a court reporter for, or create an official record of, civil motion hearings/conferences. If you intend to present evidence for the Court's consideration at the event noticed herein, you must contact the Clerk's Office to request that an official recording (typically an audio recording) be made of the hearing/conference at least 24 hours in advance of the hearing. Information regarding obtaining a copy of any requested recording can be found at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. Counsel desiring the presence of a court reporter should make their own arrangements.

general release of all claims that were made or could have been made in" this matter [Doc. 44 at Page ID # 200]. **Plaintiff is cautioned that his continued failure to comply with the Court's Order to sign a "comprehensive, general release of all claims that were made or could have been made" will result in sanctions which may include monetary sanctions, and could expose him to sanctions for contempt of court, including arrest and incarceration.** *See Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 596 (6th Cir. 1999) (endorsing use of monetary fines); *United States v. Bayshore Assocs. Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991) (endorsing use of conditional incarceration); *see also United States v. Conces*, 507 F.3d 1028, 1033-34 (6th Cir. 2007) (approving incarceration as a sanction for failure to comply with a court order); *La Forte v. Lorraine Cab Co.*, No. 93-1622, 1994 WL 456785, *1-2 (6th Cir. Aug. 23, 1994) (per curiam), (holding attorney in civil contempt for failing to comply with the district court's orders assessing fees and costs against him and ordering attorney incarcerated until he complied by making an initial payment).

If the parties file a joint notice of dismissal prior to the hearing, the hearing will be cancelled and this matter closed.

SO ORDERED.

ENTER:

                                                  s/ *Susan K. Lee*
                                                  SUSAN K. LEE
                                                  UNITED STATES MAGISTRATE JUDGE