UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| JAMES IGANI, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) No. 1:18-CV-155 |
| | ) REEVES/LEE |
| SUMMIT PHYSICAL THERAPY, | ) ) |
| *Defendant*. | ) ) ) |

## MEMORANDUM OPINION

Before the Court are Plaintiff James Igani's *pro se* motion to dismiss his own suit [D. 47] and Defendant Summit Physical Therapy's notice of settlement and request for dismissal [D. 54]. As follows, both motions will be granted, and this case will be dismissed with prejudice.

### I.    Background

Though a settlement was reached in this case, the process faltered when it came time for the parties to complete their respective obligations. On motion, the Court granted a motion to enforce the settlement and ordered the parties to perform accordingly. [D. 44].

On January 13, 2020, SPT filed a status report indicating that it had reached out to Igani regarding the settlement, but Igani had not responded. On January 15, 2020, Igani filed a "Notice of Intent to Dismiss Lawsuit," [D. 46], followed by a motion to dismiss. [D. 47]. SPT responded in opposition because the respective settlement obligations had not yet been completed. [D. 48].

On March 3, 2020, the Court referred the lingering issue of the parties' compliance with the Court's order enforcing the settlement to the Honorable Susan K. Lee, United States Magistrate Judge. [D. 49]. Following a hearing on the matter before Judge Lee, Igani subsequently executed

1

the release as he had agreed. [D. 53]. Thereafter, SPT paid out the settlement monies. [D. 54]. As SPT and Igani were no longer in communication, the parties did not execute a stipulation of dismissal, prompting SPT to ask the Court to dismiss the case with prejudice. [*Id.*].

## II. Analysis

Though the settlement in this case has been completed, the ongoing acrimony between the parties has prevented the entry a stipulation of dismissal in accordance with Local Rule 68.1. *See* E.D. Tenn. L.R. 68.1. Nevertheless, both parties have separately asked for dismissal at different points in the process of enforcing the settlement.

Under Federal Rule of Civil Procedure 41(a)(1), parties may dismiss a case following settlement by filing a self-effectuating stipulation of dismissal signed by all parties. Fed. R. Civ. P. 41(a)(1)(A)(ii). However, under Rule 41(a)(2), "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Here, Igani's request for dismissal has not been withdrawn, and Igani has not timely responded to SPT's most recent request for dismissal with prejudice. Because the parties have now completed their obligations under the settlement, the case is appropriate for dismissal with prejudice.

## III. Conclusion

In light of the foregoing, Igani's motion to dismiss [D. 47] and SPT's request for dismissal [D. 54] will both be **GRANTED**. An appropriate order will be entered.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**